**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Barry Craig Crawford,            )<br>                                              )<br>          Movant,                        )<br>    v.                                           )<br>                                              )<br>United States of America,         )<br>                                              )<br>          Respondent.                )<br>_____) | Criminal No. 3:05-00176-MBS-1<br><br><br>**ORDER AND OPINION** |

This matter is before the court pursuant to a pro se motion by Barry Craig Crawford ("Movant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). (ECF No. 38.) The United States of America ("Respondent") opposes Movant's motion and moves the court to dismiss the matter ("motion to dismiss"). (ECF No. 41.) For the reasons set forth below, the court denies Movant's motion to vacate and grants Respondent's motion to dismiss.

## I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Movant is a federal prisoner currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. (ECF No. 38 at 1.) In the instant matter, a federal grand jury indicted Movant on February 16, 2005, for one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). (ECF No. 1.) On March 15, 2005, Movant entered an initial plea of not guilty to the charge in the indictment. (ECF No. 10.) Thereafter, on May 26, 2005, Movant pleaded guilty to the one count in the indictment in accordance with the terms of a written plea agreement. (ECF Nos. 20, 25.) On July 5, 2005, Movant was sentenced to a term of imprisonment of 100 months in custody of the Bureau of

1

Prisons, followed by 3 years of supervised release. (ECF No. 29.) Judgment was entered on July 7, 2005. (Id.) Movant did not appeal his conviction or sentence to the Court of Appeals for the Fourth Circuit.

On June 9, 2006, Movant filed a "Motion for Continuance or Leave to File a Timely § 2255," seeking an extension of time to file a motion to vacate until after he was assigned to a federal prison where he would have access to a law library. (ECF No. 32.) In support of this motion, Movant asserted that he was being housed at the Lexington County Detention Center "where he is being deprived of legal material of any type, access to a law library, or any effective assistance by way of jailhouse lawyer to file an effective § 2255, despite numerous requests to Lexington staff for the above assistance." (Id. at 1.) On August 15, 2006, the court denied Movant's motion for continuance on the grounds that it lacked jurisdiction to extend the limitations period set forth in § 2255 where no active case was pending. (ECF No. 33, p. 2.) The court further advised Movant that he "must attempt to file the § 2255 motion as soon as possible and demonstrate to the court either that (1) he falls in a category other than § 2255(1) above and he has timely filed his § 2255 motion under that category; or (2) extraordinary conditions justify equitable tolling of the limitations period." (Id.) Thereafter, Movant wrote letters to the court to inquire about (1) the concurrency of state and federal sentences on November 29, 2006, and (2) the applicability of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), to his case on September 13, 2012. (ECF Nos. 34, 36.)

On October 29, 2012, Movant filed the instant motion to vacate his sentence, asserting ineffective assistance of counsel as his ground for relief. (ECF No. 38.) Specifically, Movant asserts that "counsel misadvised the applicant of an issue relating to the sentencing guideline and

2

his presence report following a guilty plea." (Id. at 4.) Respondent filed opposition to Movant's motion to vacate and a motion to dismiss on November 1, 2012. (ECF No. 41.) Movant did not file a reply in support of his motion to vacate or in opposition to Respondent's motion.

The court has reviewed the record and finds that the motions of Movant and Respondent are suitable for disposition without evidentiary hearing or oral argument.

## II.   LEGAL STANDARD

A.   <u>Motions to Vacate Generally</u>

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under 28 U.S.C. § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. Rule 4(b), Rules Governing Section 2255 Proceedings; <u>see also</u> 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

*1.     Procedural Default*

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.  See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir.1994)). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

*2.     Statute of Limitations*

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 amended § 2255 and imposed a one-year statute of limitations period for the filing of any motion under the section.  28 U.S.C. § 2255(f).  Accordingly, the one-year period of limitation begins to run at the latest of the following four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  Id.

The one-year limitations period in § 2255 may be equitably tolled in certain cases. Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

B.   Liberal Construction of Pro Se Claims

The court is required to construe pro se pleadings liberally. See, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.   ANALYSIS

A.   The Arguments of the Parties

In his motion to vacate, Movant asserts that his counsel was deficient because he failed to advise Movant regarding "an issue relating to the sentencing guideline and his presentence report following a guilty plea." (ECF No. 38 at 4.)

Respondent opposes the motion to vacate, arguing that Movant's motion is untimely because it was not filed within 1-year of the triggering dates enumerated in 28 U.S.C. § 2255(f).

(ECF No. 41-1 at 4-5.) In support of this argument, Respondent asserts that the motion to vacate is untimely under § 2255(f)(1) because it was filed on October 29, 2012, which date is more than 7 years after Movant's judgment of conviction became final on July 18, 2005.[1] (Id.) Respondent further asserts that none of the other three potential triggering dates set forth in § 2255(f) apply to Movant's case. (Id.) In support of its untimeliness argument, Respondent also contends that Movant cannot establish that the doctrine of equitable tolling should be applied to excuse the untimeliness of his motion to vacate. (Id. at 5-6.) Based on the foregoing, Respondent asserts that it is entitled to dismissal of Movant's motion to vacate.[2] (Id. at 6.)

In light of Respondent's contentions, Movant did not submit a reply in support of his motion to vacate or in opposition to Respondent's motion to dismiss.

B.    The Court's Review

Upon the court's review, the record supports Respondent's contention that Movant's motion to vacate is untimely. In this regard, Movant failed to file his motion to vacate within 1 year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f). Therefore, the motion to vacate is time-barred, unless equitable tolling applies.

In certain circumstances, the doctrine of "equitable tolling may . . . apply to excuse a . . . [party's] failure to comply with the strict requirements of a statute of limitations." Harris v.

---

[1] Respondent asserts that in 2005, Movant would have had 10 days after entry of judgment within which to file a direct appeal under Fed. R. App. P. 4(b)(1)(A). (ECF No. 41-1 at 4 n.1.) Respondent further asserts that Movant's 10 day appeal period expired on July 17, 2005, but was extended to July 18, 2005 pursuant to Fed. R. Crim. P. 45(a). (Id. at n.2.)

[2] Respondent also addresses any attempt by Movant to avail himself of the holding United States v. Simmons, offering a specific explanation why Simmons does not apply to Movant's case. (See ECF No. 41-1 at 3-4.) However, Simmons is not a ground in Movant's motion to vacate.

Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). However, this doctrine only applies in "two generally distinct kinds of situations" - (1) "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant[;]" and (2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file claims on time." Id. at 330. The circumstances in the instant matter do not meet either of these situations. Therefore, equitable tolling is not applicable to Movant's motion to vacate.

## IV.     CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court is of the opinion that Barry Craig Crawford's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 should be and is hereby **DENIED** with prejudice. (ECF No. 38.) The motion to dismiss of the United States of America is hereby **GRANTED**. (ECF No. 41.)

## V.     CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

                                                     s/Margaret B. Seymour
                                                   MARGARET B. SEYMOUR
                                                   SENIOR UNITED STATES DISTRICT JUDGE

June 14, 2013
Columbia, South Carolina